IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

AKIRA JONES, individually and on behalf
of all others similarly situated,           Civil Action No.:

                Plaintiff,
    -against-                              **CLASS ACTION COMPLAINT**


CMB SERVICES, INC.,                          **DEMAND FOR JURY TRIAL**

                Defendant.

---

    Plaintiff, AKIRA JONES (hereinafter, "Plaintiff"), a Michigan resident, brings this Class Action Complaint by and through the undersigned counsel, against Defendant CBM SERVICES, INC. (hereinafter "Defendant" or "CBM"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Michigan consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6. Defendants actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of Saginaw, Michigan, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency with its registered office located at 300 Rodd Street, Suite 202, Midland, Michigan 48640.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and

facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

13. Some time prior to February 22, 2017, an obligation was allegedly incurred by Plaintiff to ADVANCED DIAG IMAG PC-NEW and CMU MEDICAL EDUCATION PAR.

14. The alleged obligations arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. ADVANCED DIAG IMAG PC-NEW and CMU MEDICAL EDUCATION PAR are "creditors" as defined by 15 U.S.C.§ 1692a(4).

16. ADVANCED DIAG IMAG PC-NEW and/or CMU MEDICAL EDUCATION PAR directly or through an intermediary contracted the Defendant to collect the alleged debt.

17. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

18. On or about February 22, 2017, Defendant mailed a Collection Letter (the "Letter") to the Plaintiff regarding the alleged debt owed to ADVANCED DIAG IMAG PC-NEW and CMU MEDICAL EDUCATION PAR. *See* **Exhibit A.**

19. Plaintiff received the letter on a date after February 22, 2017 and read it.

20. The Collection Letter stated, in part:

>"Balance Due: $168.56"

21. The Letter further stated:

```
Client:        ADVANCED DIAG IMAG PC-NEW   128.56
               CMU MEDICAL EDUCATION PAR    20.00

Account No:    3142465
Balance:       $168.56
```

22. Upon reading the above, the Plaintiff, as would any unsophisticated consumer, was left unsure as to the balance of the debt; either $148.56 or $168.56.

23. Upon information and belief, the underlying ADVANCED DIAG IMAG PC-NEW and CMU MEDICAL EDUCATION PAR agreements creating the debt did not expressly authorize ADVANCED DIAG IMAG PC-NEW or CMU MEDICAL EDUCATION PAR or CBM to charge the Plaintiff an amount that is $20.00 more than the amount allegedly owed to the creditors.

24. Upon information and belief, there is no law in Michigan that expressly permits CBM to charge an additional $20.00 on the alleged debts.

25. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed.

26. The Plaintiff was harmed by being asked to pay more money than he actually owed, by being misrepresented as to the amount of the debt, by being asked to pay more money than the Defendant could legally receive, by being subjected to abusive collection practices which he had a substantive right to be free from, and by the Defendant tacking on an additional, illegal and entirely arbitrary $20.00 charge without providing an explanation of the charge in the Collection Letter. Defendant further created the risk of harm that the

Plaintiff would pay more money than he actually owed.

27. The Letter further states "A collector from this office may be contacting you at your home or place of employment within the next few days."

28. Defendant's threat to contact the Plaintiff at her place of employment was false and was not intended to be carried out, as evinced by the fact that the Defendant has not carried out this threat despite the passage of nearly eight months since the threat was made.

29. Upon information and belief, Defendant made the above statement to create a false sense of urgency and fear into the Plaintiff, in an attempt to pressure the Plaintiff into paying her debt to avoid the embarrassment associated with a debt collector contacting her at her workplace.

30. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## CLASS ALLEGATIONS

31. Plaintiff bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) on behalf of the following class:

    - Class A consists of (a) all individuals with addresses in the State of Michigan (b) to whom the Defendant (c) sent a letter in connection with the collection of a consumer debt (d) which attempted to charge an amount to which the Defendant is not entitled to or (e) which misrepresented the amount of the debt (f) within a date of one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

    - Class B consists of (a) all individuals with addresses in the State of Michigan (b) to whom the Defendant (c) sent a letter in connection with the collection of a

consumer debt owed to Advanced Diagnostic Imaging and/or CMU Medical Education Par (d) which stated "A collector from this office may be contacting you at your home or place of employment within the next few days" (e) when no such conduct was intended to be taken (f) within a date of one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

32. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

33. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

34. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as *Exhibit A,* violate 15 U.S.C. §§ 1692e and 1692f.

35. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

36. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

37. This action has been brought, and may properly be maintained, as a class action pursuant

to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e and 1692f.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of

similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

38. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

39. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e
### (INDIVIDUALLY and ON BEHALF OF ALL OTHERS SIMILARLY SITUATED)

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

41. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

42. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43. Defendant violated said section by:

- Falsely representing that they were entitled to charge an amount they were not entitled to in violation of §1692e(2);

- Falsely representing the amount of the alleged debt in violation of § 1692e(2)(A);

- Making a threat that was not intended to be taken in violation of §1692e(5);

- Making a false and misleading representation in violation of §1692e(10).

44. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*
### (INDIVIDUALLY and ON BEHALF OF ALL OTHERS SIMILARLY SITUATED)

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

47. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means to collect or attempt to collect any debt.

48. Defendant violated said section by:

- Attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. §1692f(1).

49. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

50. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Plaintiff's Counsel as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: October 9, 2017

    __/s/ Yitzchak Zelman_____
Yitzchak Zelman, Esq.
Marcus & Zelman, LLC
1500 Allaire Avenue - Suite 101
Ocean, NJ 07712
Office:    (732) 695-3282
Fax:       (732) 298-6256
Email:    yzelman@MarcusZelman.com
Website:  www.MarcusZelman.com
*Attorneys for the Plaintiff*